**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW A. CEJAS, | No. 08-16715 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-02274-GEB-GGH |
| v. | |
| LOU BLANAS; EDMUND G. BROWN, Jr., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted February 12, 2010 [**]
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and ZILLY, [***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

Petitioner Andrew Cejas seeks federal habeas relief under 28 U.S.C. § 2254 on the ground that he was denied his constitutional right to a speedy trial guaranteed by the Sixth Amendment. The district court denied the petition and we affirm.

We review de novo a district court's decision denying a petition for writ of habeas corpus. Riggs v. Fairman, 399 F.3d 1179, 1181 (9th Cir. 2005). Habeas relief may be granted only if we determine that the last reasoned decision at the state court level was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). To grant relief, we must conclude that the state court decision was "not only erroneous, but objectively unreasonable." Brown v. Ornoski, 503 F.3d 1006, 1010 (9th Cir. 2007) (internal quotations and subsequent citations omitted). To the extent that a state court decision is unaccompanied by a rationale for its conclusion, we conduct an independent review of the record to determine whether the state court decision is objectively unreasonable. Id. at 1010-11. Independent review of the record is not de novo review of the constitutional issue, but rather the only way

2

a federal court can determine whether a "silent" state court decision is objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

Cejas argues that his right to a speedy trial was violated when his trial did not start for more than three years after his arrest, because the trial court disregarded statutory safeguards and allowed excessive and unnecessary delays. On review of a speedy trial claim, we weigh four factors identified by the Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530-32. Under the Barker factors, the state trial court's decision to deny the motion to dismiss was not objectively unreasonable.

The first factor, the length of delay, is a threshold issue, and unless the length of delay is presumptively prejudicial, we need not review the remaining factors. See United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir. 1993). A delay of three years and two months from arrest to the start of trial is sufficient to cross that threshold. Courts generally have found that delays approaching one year are presumptively prejudicial. Doggett v. United States, 505 U.S. 647, 652 n.1 (1992). In analyzing the remaining factors, we conclude that Cejas's speedy trial right was not violated.

The majority of the delay in this case is attributable to Cejas, whose counsel requested continuances amounting to roughly half of the alleged unconstitutional delay, and consented to every continuance requested by the state and Cejas's co-defendant. Cejas was present for nearly every grant of continuance, never once objected to a continuance before the trial court, and on one occasion expressly waived statutory rights to both a preliminary hearing within ten days of the entry of his plea, and to trial within sixty days. "[D]elay attributable to the defendant's own acts or to tactical decisions by defense counsel will not bolster defendant's speedy trial argument," McNeely v. Blanas, 336 F.3d 822, 827 (9th Cir. 2003), because "[t]he Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay." United States v. Aguirre, 994 F.2d 1454, 1457 (9th Cir. 1993). The delay attributable to the government does not tip this factor in Cejas's favor.

Cejas argues that his counsel's actions cannot be held to waive his right to a speedy trial, and that the trial court should have requested his express permission for every continuance, but the Supreme Court has held that an attorney may waive his client's speedy trial right without express permission because "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," and "[r]equiring express assent from the defendant himself for such

4

routine and often repetitive scheduling determinations would consume time to no apparent purpose." New York v. Hill, 528 U.S. 110, 114-15 (2000). While Cejas disagreed with his attorney about whether to pursue a motion to dismiss premised on a speedy trial violation and how much time was needed to prepare for his trial, he never alerted the state trial court to the disagreement, waited fifteen months after his arrest to reserve the right to pursue the motion to dismiss and another 566 days to file the motion, while expressly consenting to one continuance and acquiescing to the remainder. Cejas's conduct weighs against determining his speedy trial right was violated.

As to the prejudice factor, the trial judge concluded there was no prejudice because Cejas had been represented by counsel at every step in the trial and Cejas fails to raise any established Supreme Court precedent that makes this determination objectively unreasonable. We conclude that this factor also weighs against finding a violation of the right to a speedy trial. In sum, the decision of the state court was neither contrary to nor based on an unreasonable application of established federal law and the findings made by the state court are not unreasonable.

Cejas briefed uncertified claims that the state trial court's misapplication of speedy trial provisions in the California Penal Code violated his due process and

speedy trial rights, and amounted to structural error. We do not consider these challenges to the implementation of the state statutory provisions because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

**AFFIRMED.**